JAMES HARTSHORN & al. versus ASA H. PHINNEY & al.

If a defendant causes to be entered upon the docket an offer to be defaulted for a specified sum, but has no time fixed for its acceptance, the plaintiff may accept it at any time before it is revoked.

If the plaintiff subsequently accepts the offer, he is not entitled to costs from the time it was made, but the defendant is.

ON EXCEPTIONS to the ruling of APPLETON, J., presiding.

ASSUMPSIT. On the second day of the return term the defendants caused to be entered on the docket an offer to be defaulted for a specified sum, but had no time fixed for its acceptance by the plaintiff. The case was not tried, but, at a subsequent term, the plaintiff accepted the offer. The defendants claimed costs from the time of making the offer, but the presiding Judge ruled that they were not entitled to costs, and ordered judgment for the plaintiffs with costs up to that time, and the defendants excepted.

*Fessenden & Butler*, for defendants, in support of the exceptions.

*Shepley & Dana*, for plaintiffs, *contra*.

The defendants are not entitled to costs. The provisions of the statute fixing the rights of the parties, where an offer is made, have already received an adjudication. *Stone & al.* v. *Waite*, 31 Maine, 409; *Wentworth, Adm'r*, v. *Lord*, 39 Maine, 71.

The first part of the section does not deprive the plaintiffs of costs.

The language is, "if the offer is not accepted *within such time as the Court orders*," &c. The plaintiffs here have not failed to accept the offer within the time fixed by the Court, because the defendant did not request the Court to make any order in the matter; and, until that is made and the plaintiffs have failed to comply with it, they are entitled to full costs, and the defendants to none.

Hartshorn *v.* Phinney.

The opinion of the Court was drawn up by

DAVIS, J.—In the case of *Gilman* v. *Pearson*, 47 Maine, 352, in which the defendant offered to be defaulted, but had no time for acceptance fixed, as he might have done under the statute of 1857, it was held that he was entitled to recover his costs from the time of his offer. In that case it was not accepted; in the case at bar the offer was accepted at a subsequent term.

In the case cited, it was held that the provision for having the time for acceptance fixed, being for the benefit of the defendant, it is at his option, whether to avail himself of it. If he does, and the offer is not accepted within the time, "he then has all the advantages of it, without being bound by it." But, if he has no time fixed, the plaintiff may accept it, if not revoked, at any time before trial.

By R. S., 1841, c. 115, § 22, in order to entitle a defendant to costs, after an offer to be defaulted, the plaintiff must have "proceeded to trial." If he accepted the offer before trial, the defendant recovered no costs. *Pingree* v. *Snell*, 42 Maine, 53. But this was so held, on the ground that the statute of 1835, c. 165, § 6, was changed by the R. S. of 1841, so as to require a *trial* as one of the conditions requisite to entitle the defendant to costs. By the R. S. of 1857, the statute of 1835 is substantially reënacted. The provision making the defendant's right to costs depend upon a trial of the case, has been entirely omitted. The only condition is, that the plaintiff shall "fail to recover a sum, as due at the time of the offer, greater than the sum offered," in which case the defendant recovers costs from that time. The case at bar is within the statute; and the defendant is entitled to his costs from the time of his offer. The plaintiff is entitled to no costs since that time. *Exceptions sustained.*

TENNEY, C. J., APPLETON, CUTTING and GOODENOW, JJ., concurred.